UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NEBIYU SHEFREW SOLOMAN, 075674-7,<br><br>Petitioner,<br><br>v.<br><br>THE PEOPLE OF THE STATE OF CALIFORNIA,<br><br>Respondent. | Case No. 23-cv-04638-CRB  (PR)<br><br>**ORDER OF DISMISSAL AND REMAND**<br><br>(ECF No. 5) |

### I.

Petitioner Nebiyu Shefrew Soloman, a pretrial detainee currently committed to Atascadero State Hospital for treatment pursuant to California Penal Code section 1370, has filed a pro se notice of removal of the pending state criminal prosecution commenced against him on December 28, 2021 in Sonoma County Superior Court, Case No. SCR-751256-1.  Petitioner invokes this court's removal jurisdiction under 28 U.S.C. § 1443 but after reviewing the notice of removal and relevant documents and law, the court concludes that it lacks subject matter jurisdiction over the removal petitioner seeks.

### II.

A criminal defendant may remove a pending state court prosecution to federal court if he can demonstrate that he will be unable to vindicate his federal rights in state court.  The controlling removal statute, 28 U.S.C. § 1443, provides:

> Any of the following civil actions or criminal prosecutions, commenced in a State court may be removed by the defendant to the district court of the United States for the district and division embracing the place where it is pending:

> (1) Against any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States or within the jurisdiction thereof;
>
> (2) For any act under color of authority derived from any law providing for equal rights, or for refusing to do any act on the ground that it would be inconsistent with such law

28 U.S.C. § 1443.

A notice of removal of a criminal prosecution pursuant to § 1443 must comply with several procedural requirements. Specifically, a petitioner is required to file a verified notice of removal with the federal district court in which the criminal prosecution is pending and attach copies of all pleadings in the case to the notice. 28 U.S.C. § 1455(a). Absent good cause, a removal petitioner must file the notice of removal within 30 days after his arraignment or at any time before trial, whichever is earlier. Id. § 1455(b)(1). Further, the failure to state grounds which exists at the time of the filing of the notice of removal shall constitute a waiver of such grounds and, absent a showing of good cause, a second notice may be filed only on grounds not existing at the time of the original notice. Id. § 1455(b)(2).

To remove a case under § 1443, a petitioner also must satisfy a two-pronged substantive test. First, "it must appear that the right allegedly denied the removal petitioner arises under a federal law 'providing for specific civil rights stated in terms of racial equality.'" Johnson v. Mississippi, 421 U.S. 213, 219 (1975) (quoting Georgia v. Rachel, 384 U.S. 780, 792 (1966)). Second, it must appear that the removal petitioner cannot enforce the specified federal right in the state courts because a state law or constitutional provision denies the petitioner an opportunity to raise the federal right in state court. See Johnson, 421 U.S. at 219; see also California v. Sandoval, 434 F.2d 635, 636 (9th Cir. 1970) (allegation must be supported by reference to state statute or constitutional provision that purports to command state courts to ignore federal rights at issue).

### III.

Petitioner has not satisfied the procedural requirements or the two-pronged substantive test for removal under §§ 1443 and 1455. His dissatisfaction with the handling of his pending state criminal case by his public defender, the prosecutor and the presiding judge and his conclusory

allegations of racial discrimination are unfortunate but a far cry from asserting a right arising under a federal law providing for specific civil rights stated in terms of racial equality <u>and</u> showing that he cannot enforce the specified federal right in the state courts because a state law or constitutional provision denies him an opportunity to raise the federal right in state court.  See <u>Johnson</u>, 421 U.S. at 219; see also <u>Sandoval</u>, 434 F.2d at 636 (civil rights arising under Civil Rights Act of 1964 "are not within the coverage of section 1443").

## IV.

For the foregoing reasons, the notice of removal of Sonoma County Superior Court Case Number SCR-751256-1 is DISMISSED and REMANDED for lack of subject matter jurisdiction.

But based solely on his affidavit of poverty, petitioner's motion for leave to proceed <u>in forma pauperis</u> (IFP) under 28 U.S.C. § 1915 (ECF No. 5) in this action is GRANTED.

**IT IS SO ORDERED**.

Dated: November 9, 2023

_____
CHARLES R. BREYER
United States District Judge